```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 12/12/2023
------------------------------------------------------------ X
                                                             :
FIRST LOOK INSTITUTE, INC., and SHARON                       :
LERNER,                                                      :
                                                             :       1:21-cv-4024-GHW
                                               Plaintiffs,   :
                                                             :              ORDER
                      -against -                             :
                                                             :
NATIONAL INSTITUTES OF HEALTH,                               :
                                                             :
                                               Defendant.    :
                                                             :
------------------------------------------------------------ X
```

GREGORY H. WOODS, United States District Judge:

  Plaintiff's December 8, 2023 letter, requesting an adjournment of the conference scheduled for December 15, 2023, Dkt. No. 77, is granted in part. The conference previously scheduled for December 15, 2023 is cancelled. The purpose of the December 15, 2023 conference had been to discuss the parties' filing at Dkt. No. 75, the "Stipulation and [Proposed] Order of Settlement and Dismissal." The Court scheduled the conference to raise with the parties their failure to follow the Court's Individual Rules in connection with the filing of this document.

  In the Case Opening Initial Assignment Notice, dated May 6, 2021, counsel were directed to review and comply with the Court's Individual Rules of Practice in Civil Cases. Pursuant to the Court's Individual Rules, immediately following the filing of any proposed order or stipulation, parties are directed to submit a joint letter to the Court in accordance with the conditions set forth in Individual Rule 1(F). Counsel for the United States, in particular, is expected to review and comply with the Individual Rules of the judges in this district. The parties did not file such a joint letter following their December 7, 2023 proposed order and stipulation. Dkt. No. 75. Accordingly, the Court declines to act on the proposed order at Dkt. No. 75 at this time.

  The failure by counsel to comply with the Court's rules is particularly concerning in this case. This is not the first time in recent memory that the Court has been required to remind counsel for

the United States of counsel's obligation to review and comply with the Court's Individual Rules of Practice.  Nor is it the first time that the Court has highlighted the distinction between a court-ordered dismissal under F.R.C.P. 41(a)(2) and a stipulation of dismissal under F.R.C.P. 41(a)(1)(A)(ii).  It is unclear why counsel is seeking an order of dismissal from the Court under the former rule, rather than dismissing the action by stipulation under the latter.

Moreover, for reasons that are unexplained and unclear, the parties have asked for the Court to approve their privately negotiated settlement of this case.  But they have provided the Court with no basis for the Court to evaluate the application to approve the settlement.  To the extent that counsel believes that the Court should be expected to approve anything placed on its docket without request, explanation, or factual support, that belief is both incorrect and presumptuous.  The Court cannot approve a proposed settlement on this meager basis.  If the parties wish for the Court to approve this settlement, they must make an appropriate presentation of the law and relevant facts for the Court's consideration.  Any facts presented to the Court to assist in its evaluation must be presented in the form of an affidavit.

To the extent that the parties wish to renew this application, a joint letter motion, supported by factual affidavits, must be filed no later than December 19, 2023.  In the alternative, to the extent that the Court's approval of this settlement is not necessary, the parties may submit a stipulation of dismissal under F.R.C.P. 41(a)(1)(A)(ii) by that date.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 77.

SO ORDERED.

Dated: December 12, 2023
New York, New York

GREGORY H. WOODS
United States District Judge